[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12177

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LYNDEN GARFIELD LORFILS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:02-cr-60155-WPD-1

_____

Before LAGOA, BRASHER, and TJOFLAT, Circuit Judges.

PER CURIAM:

Lynden Lorfils, proceeding *pro se*, appeals the District Court for the Southern District of Florida's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as modified by § 603(b) of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (the "First Step Act").  He argues that the District Court did not properly consider his arguments showing that extraordinary and compelling circumstances warranted relief and did not properly consider the 18 U.S.C. § 3553(a) sentencing factors.  Finding no abuse of discretion, we affirm the District Court's denial of the motion.

## I.

In September 2002, a grand jury sitting in the Southern District of Florida indicted Lorfils on five counts: three counts of bank robbery, in violation of 18 U.S.C. § 2113 (Counts 1, 2, and 4), and two counts of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924 (Counts 3, 5).  Lorfils pled guilty to Counts 2, 3, 4, and 5.  The District Court sentenced him to a total of 421 months' imprisonment—37 months each for Counts 2 and 4, served concurrently to each other; 84 months for Count 3 to run consecutively to Counts 2 and 4; and 300 months for Count 5, to run consecutively to Count 3.

Lorfils, *pro se*, filed a motion for compassionate release in June 2021. He purported to have met § 3582(c)(1)(A)'s exhaustion requirement, because more than thirty days had lapsed since the warden received Lorfils's request for compassionate release. He claimed he suffered "from a variety of ailments that [would] ultimately lead to his death should he contract COVID-19." Mot. for Compassionate Release, Doc. 60 at 1. Namely, Lorfils alleged that he was a 42-year old black male suffering from morbid obesity and hypertension. According to Lorfils, the Bureau of Prisons (the "BOP") had failed to properly treat him and bring his blood pressure within the appropriate range, and he was unable to perform self-care both because of COVID quarantine limitations and his obesity. Further, the motion argued that "black people are being hospitalized, ventilated, and dying at rates far in excess of white people." *Id.* at 8.

With respect to § 3582(c), Lorfils argued that his COVID-19 comorbidities (obesity, hypertension, and race), the realities of imprisonment, and the BOP's inability to treat his ailments demonstrated extraordinary and compelling reasons justifying compassionate release.

Lorfils also argued that compassionate release was warranted because if he was sentenced today, he would likely only be sentenced to 205 months' imprisonment. When Lorfils was originally sentenced, a conviction under 18 U.S.C. § 924(c) required a mandatory 25-year sentence for each additional § 924(c) conviction, even within the same indictment. The First Step Act removed

this enhancement unless the defendant had a prior conviction under § 924(c).  Because Lorfils did not have a prior conviction under § 924(c), he would not have been subject to the enhancement.

The only evidence Lorfils provided in support of his motion were two prescriptions for blood pressure medications prescribed by the prison's doctor.  He also attached a copy of his individualized needs plan, which shows the education courses he had taken, his current work assignments, and his discipline history.

The District Court, without requiring a response from the Government, denied Lorfils's motion.  The Court stated that it had considered the § 3553(a) factors and the applicable policy statements, as required by § 3582(c)(1)(A), and did not find morbid obesity and hypertension to be extraordinary and compelling reasons for relief.[1]  The Court further found that COVID-19 conditions at the prison were not extraordinary or compelling reasons justifying release.  Finally, with respect to Lorfils's First Step Act argument, the District Court held that, under *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), a change in law was not an extraordinary and compelling basis for relief, but stated that Lorfils could seek

---

[1] The Court noted that Lorfils provided no documentation on these conditions other than two prescriptions, but that even if he had properly documented the conditions, "the requested relief would not promote respect for the law or act as a deterrent."  Ord. Den. Mot. for Compassionate Release, Doc. 61 at 1–2.

permission from this Court to file a successive collateral attack. Lorfils timely appealed.

On appeal, Lorfils argues that the District Court abused its discretion because it did not consider U.S.S.G. § 1B1.13 or address the relevant § 3553(a) factors when it denied his motion for compassionate release. He also argues that this Court erred when it held in *Bryant* that § 1B1.13's definition of "extraordinary and compelling" was binding. He implores this Court to overturn that ruling, which would allow the District Court to consider his First Step Act argument because it would not be bound by *Bryant*'s definition of extraordinary and compelling reasons.

The Government does not dispute that Lorfils met the exhaustion requirement of § 3582(c)(1)(A), but argues that Lorfils failed to meet his burden of showing that "extraordinary and compelling" reasons, as defined by § 1B1.13, existed for his release. The Government argues that the District Court was not obligated to consider the § 3553(a) factors because one of the requirements for release—extraordinary and compelling reasons—was lacking. Further, the Government argues that the District Court properly declined to consider the First Step Act argument because it was bound by this Court's decision in *Bryant*.

## II.

We review a district court's denial of a prisoner's 18 U.S.C. § 3582(c)(1)(A) motion under an abuse of discretion standard. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district

court abuses its discretion when it applies an incorrect legal standard or makes a clear error of judgment. *Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015).

Generally, district courts lack the inherent authority to modify a term of imprisonment but may do so within § 3582(c)'s provisions. 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 819, 130 S. Ct. 2683, 2687 (2010). As amended by § 603(b) of the First Step Act, § 3582(c)(1)(A) now provides, in relevant part, that:

> [t]he court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A). Put simply, one a motion is properly made under § 3582(c)(1)(A), a defendant must meet three criteria o be eligible for a sentence reduction: (1) the sentence reduction is supported by the §3553(a) factors; (2) extraordinary and compelling

reasons warrant such a reduction; and (3) a reduction is consistent with the Sentencing Commission's policy statements.

Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement for § 3582(c)(1)(A). U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four categories of extraordinary and compelling reasons that could justify a reduced sentence: (A) the defendant's medical condition, (B) his age, (C) his family circumstances, and (D) other reasons. *Id.* § 1B1.13, cmt. n.1(A)–(D). The defendant's medical condition qualifies as an extraordinary and compelling reason for compassionate release if he is "suffering from a serious mental or physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*, cmt. n.1(A). Moreover, in addition to determining that extraordinary and compelling reasons warrant a reduction, the district court must also determine that the defendant is not a danger to the safety of others or the community, as provided in 18 U.S.C. § 3142(g). *Id.* § 1B1.13(2).

In *United States v. Bryant*, we held that § 1B1.13 "is an applicable policy statement that governs all motions under Section 3582(c)(1)(A), including those filed by defendants." 996 F. 3d 1243, 1262 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 583 (2021). Likewise, we held that, following the enactment of the First Step Act, § 1B1.13 continued to constrain a district court's ability to evaluate whether extraordinary and compelling reasons were present and that "Application Note 1(D) does not grant discretion to courts to

develop 'other reasons' that might justify a reduction in a defendant's sentence." *Id.* at 1248.

"Under § 3582(c)(1)(A), the court must find that all necessary conditions are satisfied before it grants a reduction." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). Accordingly, the absence of any one of the necessary conditions—support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement—forecloses a sentence reduction. *Id.* at 1237-38. Additionally, nothing on the face of 18 U.S.C. § 3582(c)(1)(A) requires a court to conduct the compassionate release analysis in any particular order. *Id.* at 1240. If one of the compassionate-release conditions is missing, the District Court need not address the others. *See id.* at 1238 ("Because at least one of the compassionate-release conditions was not satisfied, it cannot . . . have been error for the district court to skip assessment of another condition.").

Under the prior panel precedent rule, we are bound by prior published decisions that have not been overruled by the Supreme Court or this Court en banc. *United States v. Romo-Villalobos*, 674 F.3d 1246, 1251 (11th Cir. 2012).

Here, the District Court did not abuse its discretion because Lorfils did not provide evidence to establish that he suffered from a serious medical condition that substantially diminished his ability to provide self-care within the prison. He only supported this argument by attaching two prescriptions for hypertension medications, as well as citing general information about race and COVID.

21-12177                 Opinion of the Court                         9

The Court also correctly found that precedent precluded it from considering a change in sentencing law as an extraordinary and compelling basis for granting relief. Both this Court and the District Court are bound by *Bryant*, which holds that § 1B1.13 is an "applicable, binding policy statement for all Section 3582(c)(1)(A) motions," 996 F.3d at 1262, and Application Note 1(D) to § 1B1.13 "does not grant discretion to the courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." *Id.* at 1248.

Because the Court correctly found that Lorfils did not show extraordinary and compelling reasons warranting compassionate release, it was not required to address the § 3553(a) factors. But, even though it was not required to do so, the District Court *did* address § 3553(a). The Court's order stated that Lorfils had robbed 12 banks, which points to the nature and circumstances of the offense (§ 3553(a)(1) and § 3553(a)(2)(A)). It also found that compassionate relief would not promote respect for the law (§ 3553(a)(2)(A)), and would not act as a deterrent (§ 3553(a)(2)(B)).

In short, the District Court did not abuse its discretion. We therefore affirm the District Court's denial of compassionate release.

**AFFIRMED.**